**JOHN J. NISSEN BAKING CO., INC. and JSC Corp., Plaintiffs,**

v.

**NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, Defendant.**

**Civ. No. 90–127–P.**

United States District Court, D. Maine.

May 23, 1990.

John A. Ciraldo, Perkins, Thompson, Portland, Me., for plaintiffs.

Benjamin Grant, Bornstein & Hovermale, Portland, Me., Gerard F. Daley, Grady & Dwyer, Boston, Mass., for defendant.

MEMORANDUM AND ORDER GRANT-
ING IN PART PLAINTIFFS' MO-
TION FOR PRELIMINARY INJUNC-
TION

GENE CARTER, Chief Judge.

In this action Plaintiffs seek both a pre-
liminary and a permanent injunction requir-
ing Defendant to produce certain informa-
tion pertinent to a determination of Plain-
tiffs' withdrawal liability following their
withdrawal from the pension fund.[1]  Plain-
tiffs also seek an extension of the statutori-
ly imposed time periods for requesting re-
view of and for initiating arbitration on the
determination of Plaintiffs' withdrawal lia-
bility.  The Court held a conference of
counsel and has carefully reviewed the
written submissions of the parties.

Plaintiffs, a parent corporation and its
subsidiary, contributed to the Defendant
pension fund on behalf of their employees.
By letter dated February 22, 1990, defen-
dant notified Plaintiffs that a partial with-
drawal from the fund had occurred and
that under the Multiemployer Pension Plan
Amendments Act of 1980 [MPPAA], Plain-
tiffs were subject to withdrawal liability in
the amount of $382,354 to be paid in annual
payments of $105,037.  The letter notified
Plaintiffs of their right under section
4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), to
request review of the withdrawal liability
determination within ninety days after re-
ceipt of the demand.  Attached to the letter
was a copy of the worksheet used in mak-
ing the determination.

By letter of March 19, 1990, Plaintiffs'
attorney requested information "in order to
review and assess the Plan's claim for
withdrawal liability."  The request, actual-
ly eleven separate requests, was sweeping,
encompassing such items as "copies of all
minutes of the meetings of the Trustees of
the Plan since July 1, 1980, when an actu-
ary was present or when withdrawal liabili-
ty was discussed," and "copies of memos,
letters, and reports from the actuary of the
Plan which describe the actuarial assump-
tions of the Plan and which describe the
data requirements for the actuarial valua-
tion."  Receiving no response, Plaintiffs'
counsel reiterated the request in a letter of
April 10, 1990, pointing out that ERISA
requires Defendant to comply with the re-
quest.

On April 25, 1990, counsel for Defendant
wrote to deny Plaintiffs' request, stating
that "a withdrawn employer is not entitled
to discovery from the Fund prior to or
outside arbitration."  Referring to 29
U.S.C. § 1399(b)(2), counsel stated that "at
this stage of review, ERISA provides only
that the employer may ask the Fund to
review any specific matter, and the only
opportunity for 'discovery' is for the em-
ployer to supply information relevant to
such a review."  Counsel also stated that
since Plaintiffs' March 19 letter contained
no request for review of a specific determi-
nation, the request for review was denied.

Plaintiffs then filed this complaint, alleg-
ing that they do not have adequate infor-
mation to request a review of specific mat-
ters relating to the determination of Plain-
tiffs' liability or to verify the accuracy of
the Fund's determination of the amount of
the unfunded vested benefits allocable to
Plaintiffs.  Plaintiffs argue that under 29
U.S.C. § 1399(b)(2)(A), they have a right to
identify any inaccuracy in the determina-
tion of withdrawal liability and to request
review by the Defendant prior to initiating
arbitration proceedings.  They further ar-
gue that under 29 U.S.C. § 1401(e), Defen-
dant must provide information necessary
for Plaintiffs to compute their withdrawal
liability and thus identify any inaccuracies
and decide whether to seek review.  Defen-
dant, on the other hand, argues that Plain-
tiffs have no right to information before
requesting review and that section 1401(e)
relates to the provision of information in
the course of an arbitration proceeding.

---

1.  Plaintiffs' memorandum on the motion for
preliminary injunction indicates that they also
seek consolidation of the trial on the merits.
The motion itself does not seek such a proce-
dure.  In any event the Court's schedule does
not permit it to hold a trial on the merits at this
point; thus, it addresses with this Memorandum
and Order only the Motion for a Preliminary
Injunction.

In this circuit, in order for a plaintiff to obtain preliminary injunctive relief, the Court must find

(1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which the granting of injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction.

*Stanton v. Brunswick School Department,* 577 F.Supp. 1560, 1567 (D.Me.1984). The Court's review of the record and its analysis of the pertinent statutes indicates that injunctive relief is warranted in this case, although not in the precise form requested by Plaintiffs.

■ Under 29 U.S.C. § 1399, as soon as practicable after an employer's withdrawal, the sponsor of a pension plan must notify the employer of the amount of withdrawal liability and the schedule for liability payments and demand payment. Upon receiving such notice the employer

(i) may ask the plan sponsor to review any specific matter relating to the determination of the employer's liability and the schedule of payments,

(ii) may identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the employer, and

(iii) may furnish any additional relevant information to the plan sponsor.

29 U.S.C. § 1399(b)(2)(B). The Court of Appeals for the D.C. Circuit has described the procedure set forth in section 1399 as providing a pre-arbitration "informal review to clarify and perhaps pare down the issues." *Grand Union Co. v. Food Employers Labor Relations Association,* 808 F.2d 66, 70 (D.C.Cir.1987).

Section 1401(a) provides for arbitration of "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title." While a request for review under section 1399 is not mandatory, Congress anticipated that it would be routine, for the timing of arbitration of disputes concerning determinations of withdrawal liability is tied to the request for plan sponsor review. *Id.;* 29 U.S.C. § 1401(a)(1)(B). This Court has previously referred to the request for review as the "first recourse" if the employer disputes the determination made by the plan sponsor. *Coles Express v. New England Teamsters and Trucking Industry Pension Fund,* 702 F.Supp. 355 (D.Me. 1988) (per Cyr, C.J.). Plaintiffs argue here that they need information before they can decide whether to request review.

Section 1401(e) provides:

If any employer requests in writing that the plan sponsor make available to the employer general information necessary for the employer to compute its withdrawal liability with respect to the plan (other than information which is unique to that employer), the plan sponsor shall furnish the information to the employer without charge. If any employer requests in writing that the plan sponsor make an estimate of such employer's potential withdrawal liability with respect to the plan or to provide information unique to that employer, the plan sponsor may require the employer to pay the reasonable cost of making such estimate or providing such information.

Although many of the portions of section 1401 deal with arbitration of disputes concerning withdrawal liability, the language of subsection (e) in no way limits its effect to arbitration proceedings. In fact, the legislative history of the MPPAA links the provision of information by the plan sponsor to the rights afforded employers in section 1399:

The bill would require that before the plan sponsor demands payment the plan sponsor must afford the employer a reasonable opportunity (1) to identify errors in the determination of withdrawal liability, (2) to identify errors in the payment schedule, and (3) to furnish to the plan sponsor any additional pertinent information. The plan sponsor also would be required, if requested, to make relevant plan records reasonably available to the employer for review and duplication.

After the plan sponsor demands payment of withdrawal liability, an employer would be permitted to request the plan sponsor to review any item relating to the calculation of the liability and the payment schedule.

H.R.Rep. No. 96–869(I), 96th Cong., 2d Sess. 84 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin. News 2918, 2952; *see also,* H.R.Rep. No. 96–869(II), 96th Cong., 2d Sess. 29 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 2918, 3018 (using virtually identical language).[2] Based on the statutory language and the legislative history, the Court is satisfied that section 1401(e) requires the provision of information before arbitration is initiated and before informal review is requested.[3]

The Court is further persuaded that section 1401(e) does not pertain to arbitration proceedings because there is no logical reason for discovery in the context of an arbitration proceeding to be limited to "information necessary for the employer to compute its withdrawal liability." For example, the arbitration proceeding may well inquire into the plan sponsor's methodology and assumptions. Moreover, it appears that the Department of Labor, the agency charged with promulgating regulations to implement the arbitration procedure, does not construe section 1401(e) as governing discovery in arbitration. The Department's regulations provide for broad discovery paralleling that available in civil actions under the Federal Rules of Civil Procedure. *See* 29 C.F.R. § 2641.4(a)(2) (discovery sought must be likely to lead to relevant evidence). In contrast, the legislative history for section 1401(e) makes plain that only relevant plan records may be requested.

The Court finds, therefore, that 29 U.S.C. § 1401(e) requires the plan sponsor, if requested to do so, to provide information necessary to the employer to calculate its withdrawal liability before the employer requests review of or identifies inaccuracies in the sponsor's calculation of that liability.

■ The Court is convinced, however, that the request for information made by Plaintiffs in their March 19 letter is far too broad.[4] The letter represents a full-blown

2. Although the statute ultimately differed slightly from that envisioned in the House Reports on the timing of the demand, Congress clearly intended the request for information from the plan to occur before the request for review was made.

3. Defendant cites an unpublished District Court opinion addressing in *dictum* an employer's right to information prior to the initiation of arbitration. The court stated:

> That the information provision [section 1401(e) is in the section of the Act entitled "Resolution of disputes," which provides for arbitration and civil enforcement of interim payments and/or of an arbitrator's award, may serve to support the Fund's argument that Merchants' entitlement to information is only triggered by initiating arbitration or a civil action.[5]
>
> [5] Section 1401(e) is the only provision in the MPPAA allowing an employer to obtain information from the Fund. Section 1399, which establishes the mechanisms for an employer's request for review, requires the employer to furnish information to the plan sponsor but there is no reciprocal requirement that the sponsor provide the employer with information.

*Debreceni v. Merchants Terminal Corp.*, No. 87–0692–WD, slip. op. at 10 (D.Mass. Feb. 23, 1989). The Court notes that unpublished opinions have no precedential value in this circuit and may

not be cited by the Court. *Bachelder v. Communications Satellite Corp.*, 837 F.2d 519, 523 n. 5 (1st Cir.1988). Even if it were allowed to do so, the Court would not cite *Merchants Terminal* as providing decisive guidance in this case. The issue of whether section 1401(e) provides for prearbitration provision of information to employers was addressed obliquely and only tentatively by the Court, which did not analyze either the statutory language or the legislative history. Indeed, the court appears to have misread section 1401 to require only the provision of general information. Moreover, while noting a discrepancy between the statute and the regulations implementing arbitration, the court did not attempt to discern the import of this difference.

4. The Court notes, too, that Plaintiffs' counsel apparently made no attempt to discern exactly what information was necessary before submitting the initial request. The Court at conference asked counsel specifically whether all of the requested information was really necessary to its calculation. Counsel replied that he did not know and would have to ask the actuarial expert who is reviewing the withdrawal liability demand for Plaintiffs. Plaintiffs' counsel also seemed unaware of what pertinent information might already be in Plaintiffs' possession. Such lack of preparation undermines the spirit of the Act's informal review mechanism and wastes the Court's time.

discovery request such as might be appropriate in an arbitration proceeding. It is plainly inappropriate as a predicate to the informal procedure envisioned under section 1399. Plaintiffs argue that "The Fund is Required to Provide Information Concerning Its Determination of Nissen's Withdrawal Liability," Plaintiffs' Supplemental Memorandum, at 5, and they seek the information to review the accuracy of the Fund's determination and to identify inaccuracies, if any. Mr. Dickstein's affidavit repeatedly asserts that he needs specific information to "verify" aspects of the calculations made by Defendant and the underpinnings for those calculations. Section 1401(e) does not mandate the provision of such information and there is no statutory provision which does.

Although Plaintiffs argue that the procedural mechanisms provided under section 1399 are meaningless unless they have detailed information upon which to seek the review, the Court is satisfied that Congress did not intend for the section 1399 review to be an elaborate challenge to the determination. Rather, the statutory structure indicates that Congress intended that employers have enough information to determine for themselves their withdrawal liability. *See* 29 U.S.C. § 1401(e). If the employer's calculation differs from that of the plan sponsor, or if the employer has other information in its possession pointing to an inaccuracy in the plan sponsor's determination of the withdrawal liability, the employer may identify the inaccuracy or request review of specific matters relating to the determination. 29 U.S.C. § 1399. This procedure, which does not require full discovery, is not meaningless for it provides an opportunity to clarify and pare down the issues, *see Grand Union*, 808 F.2d at 70, and perhaps in some cases to obviate the need for arbitration. There is no suggestion in the statute that anything more elaborate is to occur at this juncture, and nothing indicates that Congress wanted to provide a procedure which would duplicate arbitration in many respects and spawn prearbitration litigation. The statute adequately provides for a full challenge to the

withdrawal liability determination at a later time. 29 U.S.C. § 1401(a).

Because Plaintiffs misunderstood the nature of the information that they might seek under the statute and thus overstated their request, the Court now requires that that they reformulate their request, making it specific and concise in its terms and limited to production of those plan records which counsel have, in good faith, reasonably determined to be relevant to and actually necessary for Plaintiffs' computation of their withdrawal liability.

■ MPPAA provides a civil remedy for an employer adversely affected by an omission under the statute. 29 U.S.C. § 1451. Plaintiffs, who have requested information under section 1401(e) and who have been denied that information, are likely to succeed on the merits of their claim. They are adversely affected by Defendant's refusal to provide information because without the information, they cannot effectively exercise their statutory right to request review and thereby either simplify or obviate the need for arbitration.

The information sought is allegedly essential to Plaintiffs' decision whether to request review and the time for requesting review will expire without the provision of the information if an injunction is not granted. Because Plaintiffs' statutory right to request review will be thwarted, and Plaintiffs might thus be thrust into an unwanted and burdensome arbitration, the Court finds that Plaintiffs will suffer irreparable harm if an injunction is not granted.

The Court finds too that the public interest will be served by the issuance of the injunction. Congress contemplated a system of formal dispute resolution through arbitration preceded routinely by an informal review system. If plan sponsors can, with impunity, deny requests for information, thus forcing arbitration, the scheme envisioned by Congress will be undermined.

Finally, the Court notes that no undue harm will be imposed on the plan sponsors if they must provide the information sought now, for even if there were no request for review, Plaintiffs could seek the same information later in the context of

an arbitration proceeding. *See Debreceni v. Merchants Terminal Corp.*, 889 F.2d 1, 6–7 (1st Cir.1989).

Plaintiffs have also sought to extend the deadlines for requesting review under section 1399 and for initiating arbitration under section 1401, if they decide to do so. Obviously, such an extension is necessary if Plaintiffs' right to request review is to be preserved.

Accordingly, it is hereby *ORDERED* that Plaintiffs' Motion for a Preliminary Injunction be, and it is hereby *GRANTED* in part, and the deadlines for filing a request for review and for initiating arbitration are extended as follows. Defendant is not required by this order to comply with the discovery requests previously submitted by Plaintiffs. Within ten (10) days of the date of this order, Plaintiffs must submit a properly cast request for information necessary for them to calculate their withdrawal liability. *See supra*, 889 F.2d at 10. Defendant must respond to the request for information within twenty (20) days of its receipt. If Plaintiffs decide to request review under section 1399, they must do so within sixty (60) days of receiving the requested information. The time requirements for initiating arbitration under section 1401(a) shall begin to operate now. The 180–day period for joint initiation shall run from the date of this order. The time for initiation by either party shall be within sixty (60) days after the earlier of (a) the date of notification to the employer under 29 U.S.C. § 1399(b)(2)(B) or (b) one hundred twenty (120) days after the new date imposed by this order for the employer's request under section 29 U.S.C. § 1399(b)(2)(A).

Because Plaintiffs disregarded the spirit of the informal review mechanism and their requests for information were far outside the boundaries set by section 1401(e), their request for costs and attorney's fees is hereby *DENIED*.

SO ORDERED.